UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DUSTIN PATRICK CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2597 SRC |
| | ) | |
| MELANIE NICHOLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dustin Patrick Curtis, an inmate at the St. Charles County Department of Corrections, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information therein, the Court has determined that plaintiff will be assessed a $1.00 filing fee. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess an initial partial filing fee and after payment of that fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. Rather, he has submitted a commissary receipt from a date certain, showing a balance of $.20 on his prison account. This does not qualify as a six month balance under the statute. Plaintiff states in his motion to proceed in forma pauperis, however, that he receives at least $20.00 per month in deposits.

As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Review of the State of Missouri's online docketing system shows that plaintiff was recently a defendant in a criminal case in the Circuit Court for St. Charles County. *See State v. Dustin Patrick Curtis*, Case No. 1811-CR00257-01 (11th Jud. Cir. 2018). On December 19, 2019, plaintiff plead guilty to charges of kidnapping in the second degree, domestic assault in the second degree, domestic assault and unlawful use of a weapon. The Honorable Ted House, who is named as a defendant in the instant matter, was the presiding judge. Plaintiff was sentenced on January 9, 2020, to seven years in the Missouri Department of Corrections, with one of those years consisting of a long-term treatment program for substance abuse issues.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Judge House, Prosecutor Casey Brooks, the Circuit Court of St. Charles County and the State of Missouri. Plaintiff brings this action against the individual defendants in their official and individual capacities. Plaintiff alleges as follows.

During plaintiff's criminal action, the Honorable Ted House ordered plaintiff to undergo a mental health examination to determine his competency to stand trial. *See State v. Dustin Patrick Curtis*, Case No. 1811-CR00257-01 (11th Jud. Cir. 2018). The motion for a competency exam came at the request of plaintiff's counsel, filed on June 13, 2018.

Plaintiff's lawyer filed a motion to withdraw in his criminal action on August 23, 2018. *See State v. Dustin Patrick Curtis*, Case No. 1811-CR00257-01 (11th Jud. Cir. 2018). A hearing was held on the matter on October 2, 2018, and the motion to withdraw was granted on that date. On October 5, 2018, the Court made a finding that plaintiff was indigent and assigned him a public defender. On October 16, 2018, Melanie Nichols, a Forensic Psychologist assigned to complete plaintiff's pretrial competency exam, requested an extension of time until December 11, 2018 to do so. The request for continuance was granted. *Id.*

The results of the competency exam were filed under seal in plaintiff's criminal case on November 13, 2018. Plaintiff was committed to the Missouri Department of Mental Health due to incompetency to proceed in his criminal action on November 15, 2018. *See State v. Dustin Patrick Curtis*, Case No. 1811-CR00257-01 (11th Jud. Cir. 2018).

Plaintiff claims that he filed a pro se motion to invoke his speedy trial rights on January 4, 2019. At the time he filed the pro se motion, plaintiff was still being held as a civil detainee in the Missouri Department of Mental Health in Fulton State Hospital. Plaintiff claims that the Clerk of the Circuit Court automatically calculated his speedy trial date as July 3, 2019.

On May 10, 2019, Prosecutor Casey Brooks filed a "Memorandum of Caselaw in Support of Effect of Incompetency on Speedy Trial Request." In the brief, defendant Brooks argued that the failure to put an accused on trial because of a mental incompetency did not deprive him of the right to a speedy trial under the Sixth Amendment.

The results of a second competency exam, done by the staff at Fulton State Hospital, were filed by plaintiff's assigned attorney on July 10, 2019. Plaintiff was found competent to proceed in his criminal case at that time, and his case was set for jury trial on January 13, 2020. *Id.* However, plaintiff decided to plead guilty on December 19, 2019, rather than take his case to trial. *Id.*

In his complaint, plaintiff alleges that his speedy trial rights were violated when he the Court failed to try him before July 3, 2019.

For relief, plaintiff seeks $1 million in monetary damages.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As noted above, plaintiff has already plead guilty to the state criminal case underlying the present action. And a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th

Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). As plaintiff has been found guilty of the crimes for which he is seeking damages in this action, the Court must dismiss his case as *Heck*-barred.

Even if plaintiff were seeking injunctive relief only, his allegations would be subject to dismissal. Plaintiff's allegations against Prosecutor Brooks are frivolous, as prosecutors are absolutely immune from civil rights actions. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). All of plaintiff's claims against Prosecutor Brooks are based upon her decision to charge him with criminal conduct and pursue criminal prosecution against him. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process). Because Prosecutor Brooks is immune from this suit, the allegations against her will be dismissed.

To the extent plaintiff is attempting to hold St. Charles County[1] responsible for the actions of Prosecutor Brooks, he is unable to do so. A local governing body such as St. Charles County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, in order to prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*,

---

[1] Plaintiff alleges that he is bringing this action against the Circuit Court of St. Charles County. However, Prosecutor Brooks is an employee of St. Charles County, and the Court will analyze the claims against her in her official capacity as though the claims were brought against St. Charles County.

883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Plaintiff has not alleged a constitutional violation under any of the three theories. Similarly, plaintiff's claim that the State of Missouri violated his rights is frivolous[2], as plaintiff's claim for damages against the State of Missouri are barred by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

Plaintiff's claims against Judge House are raised against him in his judicial capacity and are subject to dismissal.[3] Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 12. All of Judge House's allegedly unlawful actions were judicial in nature – including the order finding plaintiff temporarily incompetent to stand trial, setting plaintiff's bond, and allegedly placing plaintiff's speedy trial rights on hold during the time period plaintiff was held by the Department of Mental Health. Further, Judge House, acting as a Circuit Judge in the

---

[2] Plaintiff's claim that Judge House, in his official capacity, violated his rights, is really a claim against the State of Missouri. The State of Missouri is not a person who can be sued under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

[3] Plaintiff's claim against the Circuit Court of St. Charles is subject to dismissal. State courts as entities are not vulnerable to suits pursuant to 42 U.S.C. § 1983 because they are protected by Eleventh Amendment immunity. *Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). *See also Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment").

11th Judicial Circuit Court in St. Charles County, took judicial action pursuant to that court's jurisdiction granted to it by the Missouri Constitution. *See* Mo. Const. art V, § 17.

Judicial immunity applies "even when the judge is accused of acting maliciously." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because Judge House acted within his judicial capacity and within his court's proper jurisdiction, he is granted absolute immunity from civil suit as to plaintiff's claims against him. As such, plaintiff's claims against Judge House are frivolous.

Last, the Court will speak to the availability of bringing a speedy trial claim in circumstances such as the one at hand. The Sixth Amendment guarantees: "In all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial...." U.S. Const. amend. VI. The Sixth Amendment right "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Perez–Perez,* 337 F.3d 990, 995 (8th Cir.2003). However, "[t]he failure to put an accused to trial because of his mental incompetency does not deprive him of the right to a speedy trial under the guarantee of the Sixth Amendment to the Constitution of the United States." *State v. Kent*, 515 S.W.2d 457 (Mo. 1974); *see also, United States v. Mills*, 434 F.2d 266 (8th Cir. 1970). And it would deny plaintiff due process to convict plaintiff while he was legally incompetent. *See State v. Brown*, 502 S.W.2d 295 (Mo. 1973), citing *Brown v. State,* 485 S.W.2d 295 (Mo. 1972). For these reasons, the Court finds the plaintiff's claims regarding the denial of his speedy trial rights are subject to dismissal.

Plaintiff is clear about the claims he wishes to bring, and it is apparent that the problems with the complaint could not be cured by permitting plaintiff to file an amended pleading. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 30th day of January, 2020.

*SLR.CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE